Hearing Date: October 23, 2025 at 10:00 a.m.
Objection Deadline: October 16, 2025 at 4:00 p.m.

MORITT HOCK & HAMROFF LLP
Theresa A. Driscoll
400 Garden City Plaza
Garden City, NY 11530
(516) 873-2000
tdriscoll@moritthock.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:                                                    Chapter 11
                                                          Case No. 25-12087-lgb
BAHRAM BENARESH,

                                    Debtor.
-----------------------------------------------------------------X

**NOTICE OF HEARING ON DC FRANKLIN LENDER LLC'S
MOTION FOR AN ORDER: (I) DISMISSING THIS CHAPTER 11
CASE WITH PREJUDICE, OR ALTERNATIVELY, (II)
CONFIRMING TERMINATION OF THE AUTOMATIC STAY ON
THE THIRTIETH DAY POSTPETITION AND OTHERWISE
MODIFYING THE AUTOMATIC STAY TO ALLOW FRANKLIN
LENDER TO EXERCISE ITS RIGHTS WITH RESPECT TO THE
DEBTOR'S MEMBERSHIP INTEREST IN 175 FRANKLIN LLC AND
THE FRANKLIN PROPERTY; AND (III) GRANTING SUCH OTHER
RELIEF AS THE COURT DEEMS IS NECESSARY AND PROPER**

PLEASE TAKE NOTICE THAT upon the motion of DC Franklin Lender LLC (the "Lender"), a hearing will be held before the Lisa G. Beckerman, United States Bankruptcy Judge for the Southern District of New York via Zoom for Government on October 23, 2025, at 10:00 a.m. (the "Hearing") to consider the Lender's Motion for an Order (I) Dismissing this Chapter 11 Case with Prejudice, or alternatively, (II) Confirming Termination of the Automatic Stay on the Thirtieth Day Postpetition and Otherwise Modifying the Automatic Stay to Allow Franklin Lender to Exercise its Rights With Respect to the Debtor's Membership Interest in 175 Franklin LLC and the Franklin Property, and (III) Granting Such Other Relief as the Court Deems is Necessary and Proper (the "Motion").

4058640v3

PLEASE TAKE FURTHER NOTICE that the Honorable Lisa G. Beckerman conducts hearings by audio and videoconference. All participants must register with eCourt Appearances in advance of all telephonic and videoconference appearances through the eCourt Appearance Tool located on the Court's website (https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl) by no later than 4:00 p.m. (ET) one business day before the Hearing. Failure to register by the specified deadline will result in the Case Participant not being admitted to the Hearing. The Court will email the Zoom link to registered Case Participants after 4:00 p.m. (ET) one business day before the Hearing. Parties are strictly forbidden from circulating or sharing the Zoom link.

PLEASE TAKE FURTHER NOTICE that objections to the relief sought in the Motion shall be in writing, shall conform to the Bankruptcy Rules and Local Bankruptcy Rules, shall specify the name of the objecting party and state with specificity the basis of the objection, and shall be filed with the Clerk of the Court through the ECF system to registered users, or by delivering a hard copy and a compact disk containing that document in Word, Word Perfect or PDF format to the Clerk of the Court, United States Bankruptcy Court for the Southern District of New York, and simultaneously served so as to be received no later than October 16, 2025 at 4:00 p.m. by: Moritt Hock & Hamroff LLP, 400 Garden City Plaza, Garden City, NY 11530, Attn: Theresa A. Driscoll, Esq., attorneys for DC Franklin Lender LLC; and Office of the United States Trustee, Alexander Hamilton Custom House, One Bowling Green, Room 510, New York, NY 10004.

PLEASE TAKE FURTHER NOTICE that the Hearing may be adjourned without further notice other than the announcement of such adjournment in open Court or by the filing of a notice of such adjournment on the docket sheet for the Debtor's case.

4058640v3

PLEASE TAKE FURTHER NOTICE, that you need not appear at the Hearing if you do not object to the relief requested in the Motion.

Dated:  September 29, 2025
        Garden City, New York

MORITT HOCK & HAMROFF LLP


By:  /s/ Theresa A. Driscoll
     Theresa A. Driscoll

400 Garden City Plaza
Garden City, NY 11530
(516) 880-7278
tdriscoll@moritthock.com

*Attorneys for DC Franklin Lender LLC*

MORITT HOCK & HAMROFF LLP
400 Garden City Plaza
Garden City, NY  11530
(516) 873-2000
Theresa A. Driscoll

*Attorneys for DC Franklin Lender LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:                                                                      Chapter 11
                                                                                Case No.  25-12087-lgb

BAHRAM BENARESH,

                                    Debtor.
-----------------------------------------------------------------X

## DC FRANKLIN LENDER LLC'S MOTION FOR AN ORDER: (I) DISMISSING THIS CHAPTER 11 CASE WITH PREJUDICE OR, ALTERNATIVELY, (II) CONFIRMING THE TERMINATION OF THE AUTOMATIC STAY ON THE THIRTIETH DAY POSTPETITION AND OTHERWISE MODIFYING THE AUTOMATIC STAY TO ALLOW DC FRANKLIN LENDER TO EXERCISE ITS RIGHTS WITH RESPECT TO THE DEBTOR'S MEMBERSHIP INTEREST IN 175 FRANKLIN LLC AND THE FRANKLIN PROPERTY; AND (III) GRANTING SUCH OTHER RELIEF AS THE COURT DEEMS IS NECESSARY AND PROPER

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .................................................................................... iii

PRELIMINARY STATEMENT ............................................................................... 1

JURISDICTION, VENUE AND BASIS FOR RELIEF ........................................... 2

RELEVANT BACKGROUND ................................................................................. 3

A.    The 175 Franklin Mortgage Loan ................................................................ 3

B.    The Default ................................................................................................... 4

C.    First Scheduled UCC Sale ........................................................................... 4

D.    Debtor's Prior Bankruptcy Filing ................................................................ 5

E.    Second Scheduled UCC Sale ....................................................................... 6

BASIS FOR RELIEF REQUESTED ....................................................................... 6

    I.    The Debtor's Chapter 11 Case Should Be Dismissed With Prejudice ................... 6

        A.    The Debtor is Ineligible for Relief Under Title 11 of the United
            States Code ....................................................................................... 6

        B.    The Debtor's Filing of This Case is Barred By the Prior Dismissal
            Order ................................................................................................ 7

        C.    Cause Exists to Dismiss this Case Based on the Debtor's Bad Faith ........ 7

        D.    Dismissal of the Chapter 11 Case Should be With Prejudice
            Pursuant to Sections 105(a) and 349(a) of the Bankruptcy Code ............. 10

    II.    Absent Dismissal, Cause Exists to Modify the Automatic Stay to Enable
    Lender to Continue Prepetition Enforcement as to the Debtor's Interest in
    Franklin Owner ................................................................................................ 11

        A.    The Debtor's Bad Faith Filing Constitutes Cause for Relief From
            the Stay ............................................................................................ 12

        B.    The Debtor Lacks Equity in Franklin Owner and Such Interest Is
            Not Necessary for an Effective Reorganization ........................................ 12

NOTICE .................................................................................................................. 13

CONCLUSION ........................................................................................................ 13

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re 68 West 127 Street, LLC,*
  285 B.R. 838 (Bankr. S.D.N.Y. 2002) ......................................................................9

*In re 234-6 West 22nd St. Corp.,*
  214 B.R. 751 (Bankr. S.D.N.Y. 1997) ......................................................................8

*In re Bresler,*
  119 B.R. 400 (Bankr.E.D.N.Y.1990) .......................................................................7

*In re C-TC 9th Ave. P'Ship. v. Norton Co. (In re C-TC 9th Ave. P'ship.),*
  113 F.3d 1304 (2d Cir. 1997) ......................................................................8, 9, 12, 13

*Casse v. Key Bank Nat'l Assoc'n (In re Casse),*
  198 F.3d 327 (2d Cir. 1999) ....................................................................................11

*In re Casse,*
  219 B.R. 657 (Bankr. E.D.N.Y. 1998),
  *subsequently aff'd*, 198 F.3d 327 (2d Cir. 1999) .....................................................7

*In re D&G Constr. Dean Gonzalez, LLC,*
  635 B.R. 232 (Bankr. E.D.N.Y. 2021) ....................................................................11

*In re FRGR Managing Member LLC,*
  419 B.R. 576 (Bankr. S.D.N.Y. 2009) ......................................................................8

*In re General Growth Properties, Inc.,*
  409 B.R. 43 (Bankr S.D.N.Y. 2009) .........................................................................8

*In re Halal 4 U LLC,*
  2010 WL 3810860 (Bankr. S.D.N.Y. 2010) (Glenn, J.) ...........................................8

*In re Loco Realty Corp.,*
  2009 WL 2883050 (Bankr. S.D.N.Y. 2009) .............................................................9

*In re Scarborough-St. James Corp.,*
  No. 15-10625 (LSS), 2015 WL 5672628 (Bank. Del. September 24, 2015) ...........10

*In re Strawbridge*
  (2010 WL 779267 (S.D.N.Y. 2010 (Glenn, J.).................................................9, 10

**Statutes**

11 U.S.C. § 109(g) ..............................................................................................2, 6, 7

ii

11 U.S.C. § 362(d) ................................................................................................ *passim*

11 U.S.C. § 1112(b) ............................................................................................... *passim*

28 U.S.C. § 157 ......................................................................................................... 2

28 U.S.C. § 1334 ....................................................................................................... 2

28 U.S.C. § 1408 ....................................................................................................... 2

28 U.S.C. § 1409 ....................................................................................................... 2

11 U.S.C. § 105(a) ............................................................................................ 1, 10, 11

11 U.S.C. § 349(a) ............................................................................................ 1, 10, 11

11 U.S.C. § 362(c)(3)(A) .......................................................................................... 12

11 U.S.C. § 362(j) ..................................................................................................... 12

Fed. R. Bankr. P. 2002 ............................................................................................. 13

4058235v2

DC Franklin Lender LLC ("Franklin Lender"), a secured creditor and party in interest in the above-captioned bankruptcy case (the "Bankruptcy Case") of Bahram Benaresh ("Debtor") by and through its attorneys, Moritt Hock & Hamroff LLP, on behalf of its Motion for an Order: (i) dismissing this chapter 11 case with prejudice under sections 105(a), 109(g), 1112(b) and 349(a) of the Bankruptcy Code or, alternatively, (ii) confirming the termination of the automatic stay on the thirtieth day postpetition and otherwise modifying the automatic stay pursuant to Section 362(d)(1) and 362(d)(2) of the Bankruptcy Code to allow Franklin Lender to exercise its rights with respect to the Debtor's equity in 175 Franklin LLC and the Franklin Property (defined below) and (iii) granting such other relief as the Court deems is necessary and proper (the "Motion") together with the Declaration of Daniel J. Wrublin in support thereof, a copy of which is annexed here to as Exhibit 1 (the "Wrublin Dec."), sets forth and respectfully represents as follows:

## PRELIMINARY STATEMENT

1.     This chapter 11 case was filed in violation of a prior order of this Court and for the sole purpose of staying a UCC Article 9 foreclosure of his 100% membership interest in 175 Franklin LLC ("Franklin Owner"), owner of that certain real property located at 175 Franklin Street, New York, New York 10013 ("Franklin Property").  The Debtor's interest in Franklin Owner was pledged to Franklin Lender as additional collateral to secure the obligations of Franklin Owner under a mortgage loan ("Franklin Mortgage Loan").  The Franklin Mortgage Loan matured on November 1, 2023 and as of the date hereof remains unsatisfied.  A sale pursuant to UCC Article 9 sale was scheduled to occur on September 25, 2025.  The Debtor filed this case on September 24, 2025, the day prior to such scheduled sale.

2.     The Debtor is a repeat bankruptcy filer, having filed a chapter 11 petition on December 16, 2024 to stay Franklin Lender's first attempt to conduct a UCC sale of his

membership interests in Franklin Owner. *See In re Bahram Benaresh*, Chapter 11 Case No. 24-12341 (MG) ("Prior Case"). Pursuant to an Order Dismissing Chapter 11 Case entered on April 9, 2025 (less than 180 days from the petition date in this case), the Prior Case was dismissed with prejudice to the debtor filing a subsequent bankruptcy case for at least 180 days from April 9, 2025. *See* Order Dismissing Chapter 11 Case, 24-12341, ECF Dkt. 45. In addition to his flagrant violation of this Court's dismissal order in the Prior Case, the Debtor is ineligible to be a debtor here pursuant to section 109(g) of the Bankruptcy Code based on the dismissal of his Prior Case following DC Lender's motion for relief from the stay.

3.       In light of the Debtor's abject disregard of a prior Order of this Court and repeated effort to delay and hinder DC Franklin Lender's exercise of bargained for contractual and state law remedies, this chapter 11 case should be dismissed with prejudice. That this case was also filed in bad faith and lacks a valid reorganizational purpose further supports a bar on future filings. Should the Court not dismiss this chapter 11 case, Franklin Lender respectfully requests an order confirming termination of the automatic stay under section 362(c)(3)(A) of the Bankruptcy Code so Franklin Lender may proceed unimpeded in its enforcement efforts.

## **JURISDICTION, VENUE AND BASIS FOR RELIEF**

4.       The Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A).

5.       Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6.       The basis for the relief requested herein is 11 U.S.C. §§ 1112(b0(1) and 362(d)(1) and (2).

2

4058235v2

## RELEVANT BACKGROUND

### A.    The 175 Franklin Mortgage Loan

7.    On or about April 13, 2022, the Debtor borrower and executed on behalf of Franklin Owner that certain Consolidated, Amended and Restated Secured Promissory Note in the principal amount In March 2016 the principal amount of $11,200,000.00 (the "Franklin Note").  A copy of the Franklin Note is annexed to the Wrublin Dec. as Exhibit 1.

8.    As security for the Franklin Note, the Debtor, on behalf of Franklin Owner, pledged to Franklin Lender a first priority mortgage lien on the Franklin Property pursuant to that certain Consolidated, Amended and Restated Mortgage, Assignment of Leases and Rents and Security Agreement dated as of April 13, 2022 (the "Franklin Mortgage") and that certain Assignment of Leases and Rents to additionally secure the Franklin Note ("ALR").  Copies of the Franklin Mortgage and ALR are annexed to the Wrublin Dec. as Exhibit 2.

9.    As additional security for the Franklin Mortgage Loan, the Debtor executed and delivered that certain Conditional Guaranty dated as of April 13, 2022 ("Guaranty") in favor of Franklin Lender.  A copy of the Conditional Guaranty is annexed to the Wrublin Dec. as Exhibit 3.  Pursuant to the Conditional Guaranty, the Debtor's bankruptcy filing triggered full recourse for the entire debt due Franklin Lender under the Franklin Note.  *See* Conditional Guaranty, § 1.[1]

10.    As additional security for the Franklin Owner's obligations under the Franklin Note the Debtor pledged his 100% membership interest in Franklin Owner to Franklin Lender pursuant to that certain Ownership Interests Pledge and Security Agreement dated as of April 13,

---

[1] Based on the bankruptcy filing recourse trigger, in addition to having a secured claim based on the Pledge Agreement (defined below), Lender has an unsecured claim against this estate for the full indebtedness due under the Franklin Note based upon the Guaranty.

3

2022 ("Pledge Agreement" and together with the Franklin Note, Franklin Mortgage, ALR and

Guaranty and any additional documents executed and delivered in connection therewith, the

"Franklin Loan Documents").  Copies of the Pledge Agreement, applicable Share Certificate and

filed UCC-1 Financing Statement are annexed to the Wrublin Dec. as Exhibit 4.

**B.      The Default**

11.      The Debtor and Franklin Owner defaulted under the Franklin Loan Documents

on or about November 1, 2023 ("Maturity Date") when they failed to pay Lender all amounts

then fully matured, due and owing thereunder.  Importantly, Lender has not received any regular

scheduled debt service payments as required by the Franklin Loan Documents August 2023.[2]

**C.      First Scheduled UCC Sale**

12.      As a result of Franklin Owner's default under the Franklin Loan Documents,

Franklin Lender is entitled, *inter alia*, to conduct a sale pursuant to Article 9 of the UCC to sell

the collateral described in the Pledge Agreement.

13.      Franklin Lender began that process under the Franklin Loan Documents by

sending the requisite statutory notice, hiring an auctioneer and advertising an Article 9 UCC sale

of the Debtor's membership interest in Franklin Owner.  The Notification of Disposition of

Collateral by Public Sale dated October 15, 2024 served on the Debtor and Franklin Owner

initially noticed a December 10, 2024 sale.  The UCC Sale was subsequently adjourned by

---

[2] Pursuant to a Forbearance Agreement dated December 1, 2024 and executed by the Debtor on behalf of himself and Franklin Owner (as amended by First Amendment dated August 23, 2024 and Second Amendment dated September 10, 2024 (together, the "Forbearance Agreement"), the Debtor acknowledged the claim and liens of Franklin Lender.  Franklin Owner made certain of the payments required by the Forbearance Agreement late and otherwise defaulted thereunder by failing to pay all sums due and owing Franklin Lender by the Termination Date (as defined in the Forbearance Agreement).  The forbearance provided for under the Forbearance Agreement terminated on or about September 13, 2024.

4058235v2

Lender to December 16, 2024 (the "First Scheduled UCC Sale").

**D.      Debtor's Prior Bankruptcy Filing[3]**

14.      The Debtor filed the Prior Case on December 16, 2024, on the eve of the First Scheduled UCC Sale.

15.      On February 12, 2025, Franklin Lender filed a Motion for Order (I) Dismissing the Chapter 11 Case or, Alternatively, (II) Modifying the Automatic Stay [Case No. 24-12341, ECF Dkt. Nos. 35; 36] (the "Prior Dismissal/ Stay Relief Motion").   As noted in the Prior Dismissal/ Stay Relief Motion, the Debtor resides in the penthouse unit of Franklin Owner and has never paid rent to Franklin Owner.  *See* Prior Dismissal/ Stay Relief Motion, ¶ 15.

16.      Thereafter, the Debtor agreed to the dismissal of the Prior Case and on April 9, 2025, this Court entered an Order Dismissing Chapter 11 Case.  [Case No. 24-12341, ECF Dkt. No. 45] ("Prior Dismissal Order").

17.      The Prior Dismissal Order "so ordered" a Stipulation between Franklin Lender and the Debtor pursuant to which the Debtor agreed, and the Court ordered, that the "dismissal will be with prejudice to the Debtor filing a subsequent bankruptcy case for at least 180 days from the date the Court approves this Stipulation."   Prior Dismissal Order, Exhibit A (Stipulation), ¶ 6 (emphasis added).

---

[3] The Debtor is a repeat filer who has utilized this Court to stay creditor enforcement efforts multiple times, with this case being the third case filed this year to stay creditor enforcement.  *See*, *e.g.*, *In re Bexin Realty Corporation*, Chapter 11 Case No. 24-12080 (MG) (Debtor, as sole owner of Bexin Realty Corporation, filed chapter 11 on November 27, 2024 to stay mortgagee's foreclosure and receiver appointment); *In re Bahram Benaresh*, Chapter 11 Case No. 24-12341 (MG) (Debtor filed to stay foreclosure of membership interests in 175 Franklin LLC); *In re Bahram Benaresh,* Case No. 94-43059 (Bankr. S.D.N.Y) (REG) (case filed to stay a creditor's foreclosure effort with respect to property located at 1842 Second Avenue, New York and stay relief later eventually granted to secured creditor).

**E.**     **Second Scheduled UCC Sale**

18.     In August 2025, and following the expiration of the two extension periods provided for in the Stipulation approved by the Prior Dismissal Order, Franklin Lender relaunched a marketing and sale process for an Article 9 sale of the Debtor's membership interests in Franklin Owner.

19.     A UCC sale was scheduled to occur on September 25, 2025 at 10:00 a.m. (the "Second Scheduled UCC Sale").

20.     The Debtor filed this case on September 24, 2025, less than twenty-four hours before the commencement of the Second Scheduled UCC Sale.

21.     Based on this chapter 11 filing, Franklin Lender adjourned the Second Scheduled UCC Sale *sine die*.

## BASIS FOR RELIEF REQUESTED

**I.     The Debtor's Chapter 11 Case Should Be Dismissed With Prejudice**

**A.     The Debtor is Ineligible for Relief Under Title 11 of the United States Code**

22.     Section 109(g) of the Bankruptcy Code provides, in relevant part, that "no individual . . . may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if . . . the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title." 11 U.S.C. § 109(g). Here, following Franklin Lender's filing of the Prior Dismissal/ Stay Relief Motion, the Debtor and Franklin Lender requested that the Court approve the Stipulation and enter an order dismissing the Prior Case. Thus, Franklin Lender submits that the circumstances of the Prior Case, including the Prior Dismissal/ Lift Stay Motion

6

and the Prior Dismissal Order, result in the Debtor's ineligibility to file this case under section 109(g) of the Bankruptcy Code.

      B.    <u>The Debtor's Filing of This Case is Barred By the Prior Dismissal Order</u>

23.    Section 1112(b) of the Bankruptcy Code provides, in relevant part, that "on request of a party in interest, and after notice and a hearing, the court shall . . . dismiss a case under this chapter . . . for cause . . . ." 11 U.S.C. § 1112(b). "Cause" under section 1112(b) is defined to include "failure to comply with an order of the court." 11 U.S.C. §1112(b)(4)(E). As stated, the Prior Dismissal Order clearly provides that the Debtor is barred from refiling for 180 days. The date that is 180 days from the Prior Dismissal Order is October 6, 2025. This chapter 11 filing was therefore prohibited by the terms of the Prior Dismissal Order and should be dismissed on this ground alone.

24.    Independent of the authority in section 1112(b), the Debtor's filing made in violation of the Prior Dismissal Order bar on refiling should render this chapter 11 filing a nullity. *See In re Casse*, 219 B.R. 657, 663 (Bankr. E.D.N.Y. 1998), *subsequently aff'd*, 198 F.3d 327 (2d Cir. 1999). Bankruptcy petitions filed in violation of a prior bankruptcy court's order effectively deem the debtor "ineligible for bankruptcy relief" and the subsequent bankruptcy case "a nullity." *Casse*, 219 B.R. 657, 663 (internal citations omitted); *IDCn re Bresler*, 119 B.R. 400, 402 (Bankr.E.D.N.Y.1990).

      C.    <u>Cause Exists to Dismiss this Case Based on the Debtor's Bad Faith</u>

25.    Apart from ineligibility and disregard for this Court's Prior Dismissal Order, the Debtor's bad faith in filing this case constitutes additional cause to dismiss under section 1112(b) of the Bankruptcy Code. *See In re C-TC 9th Ave. P'Ship. v. Norton Co. (In re C-TC 9th Ave.*

7

*P'ship.),* 113 F.3d 1304, 1310-11 (2d Cir. 1997). "Bankruptcy courts have wide discretion to determine whether cause exists to dismiss . . . a case under [section] 1112(b) [of the Bankruptcy Code]." *In re Halal 4 U LLC*, 2010 WL 3810860 * 2 (Bankr. S.D.N.Y. 2010) (Glenn, J.); *see also In re FRGR Managing Member LLC*, 419 B.R. 576, 580 (Bankr. S.D.N.Y. 2009). In the context of a motion either to dismiss a chapter 11 case under section 1112(b) or to lift the stay under section 362(d)(1), the standards for bad faith as evidence of "cause" are not substantively different. *See In re 234-6 West 22nd St. Corp.*, 214 B.R. 751, 757 (Bankr. S.D.N.Y. 1997). In the Second Circuit, a petition is subject to dismissal for bad faith "if both *objective futility* of the reorganization process and *subjective bad faith* in filing the petition are found". *In re General Growth Properties, Inc*., 409 B.R. 43, 56 (Bankr S.D.N.Y. 2009) (emphasis added). Factors courts find indicative of a debtor's subjective bad faith include:

(i)     The debtor has only one asset;

(ii)    the <u>debtor's main asset is the subject of a foreclosure action</u> as a result of arrearages or default on the debt;

(iii)   the debtor has <u>few unsecured</u> creditors whose <u>claims are small</u> in <u>relation</u> to those of the <u>secured</u> creditors;

(iv)    the debtor's <u>financial condition is, in essence, a two party dispute between the debtor and secured creditors</u> which can be resolved in the pending state foreclosure action;

(v)     the <u>timing</u> of the debtor's filing evidences an intent to delay, frustrate the legitimate efforts of the debtor's secured creditors to enforce their rights;

(vi)    the debtor has little or no cash flow;

(vii)   the debtor <u>can't meet current expenses</u>; and

(viii)  the debtor has no employees.

8

*C-TC 9th Ave.*, 113 F. 3d at 1311 (emphasis added); *see also In re 68 West 127 Street, LLC*, 285 B.R. 838, 843 (Bankr. S.D.N.Y. 2002).    Though this is not a single asset real estate case, the Debtor's filing implicates many of the *C-TC 9th Ave.* factors.    First, the Debtor's interest in Franklin Owner, which precipitated this filing, is the subject of a non-judicial foreclosure as a result of the Debtor's default under the Franklin Loan Documents.    Further, the Debtor's financial condition is nothing more than a two-party dispute which may easily be resolved by the non-judicial foreclosure of the Debtor's equity interests in Franklin Owner.    And the timing of the Debtor's filing occurred only one day before the Second Scheduled UCC Sale.

26.    This chapter 11 filing is also objectively futile inasmuch as there is no reasonable likelihood that the Debtor intended to reorganize.    *See 68 West 127 Street,* 285 B.R. at 846 ("The critical test of a debtor's bad faith remains whether on the filing date there was no reasonable likelihood that the debtor intended to reorganize and whether there is no reasonable possibility that the debtor will emerge from bankruptcy."); *see also In re Loco Realty Corp.*, 2009 WL 2883050 (Bankr. S.D.N.Y. 2009).

27.    This Court's prior decision in *In re Strawbridge* (2010 WL 779267 (S.D.N.Y. 2010 (Glenn, J.) is instructive.    *Strawbridge* involved a chapter 11 filing by an individual who had a history of misusing the protections afforded by the Bankruptcy Code and reportedly had no income and nothing to reorganize.    In *Strawbridge*, the Court determined that the chapter 11 petition was filed in bad faith and, as such, "cause" existed under section 1112(b) to dismiss or convert.    *Strawbridge*, 2010 WL 779267 * 4.    Though the Court in *Strawbridge* converted the chapter 11 case to one under chapter 7, it did so based on its determination that conversion was in the best interest of creditors of the estate primarily in light of the concern of a repeat filing.

9

*See id.*  Here, Franklin Lender submits that dismissal, not conversion, would be in the best interest of creditors.  Conversion to chapter 7 would not enhance Franklin Lender's rights with respect to the Debtor's interests in Franklin Owner inasmuch as a chapter 7 trustee would be succeeding to a fully encumbered interest.  Thus, conversion to chapter 7 would serve no purpose.  *See In re Scarborough-St. James Corp.*, No. 15-10625 (LSS), 2015 WL 5672628 *2 (Bank. Del. September 24, 2015) (dismissing case over conversion and stating that "[b]ecause the Lease has been rejected, there would be very little (if anything) for a trustee – whether in chapter 7 or 11 – to administer.  Additionally, conversion would increase the costs to the estate without any foreseeable benefit to the estate or creditors.").

> D.    Dismissal of the Chapter 11 Case Should be With Prejudice Pursuant to
> Sections 105(a) and 349(a) of the Bankruptcy Code

28.    Section 349(a) of the Bankruptcy Code provides that "<u>[u]nless the court, for cause, orders otherwise</u>, the dismissal of a case under this title does not bar a discharge, in a later case under this title, of the debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title . . ." 11 U.S.C. § 349(a) (emphasis added).

29.    Pursuant to section 105(a) of the Bankruptcy Code, the Court may "tak[e] any action or mak[e] any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." 11 U.S.C. § 105(a).  This inherent power together with the authority conferred in section 349(a), authorizes a bankruptcy court to dismiss a debtor's chapter 11 case with prejudice and bar subsequent filing, where the debtor has filed its bankruptcy case for an improper purpose and in bad faith.  *See Casse v. Key Bank Nat'l Assoc'n*

10

*In re Casse)*, 198 F.3d 327, 336 (2d Cir. 1999); *see also In re D&G Constr. Dean Gonzalez, LLC,* 635 B.R. 232, 240 (Bankr. E.D.N.Y. 2021) ("Debtor's successive bankruptcy filings on the eve of scheduled foreclosure sales and/or eviction proceedings, as well as its use of the bankruptcy process merely as a platform to delay the lawful exercise of state law rights and attack final orders of other court" warranted a three year bar on refiling).

30.    Franklin Lender seeks entry of an order dismissing this case with prejudice to prevent the Debtor from filing further bankruptcy petitions for himself or his wholly owned entity, Franklin Owner, for the purpose of forestalling Franklin Lender's enforcement efforts. The circumstances surrounding this filing coupled with the Debtor's past use of bankruptcy to stay creditor enforcement provide sufficient justification for the Court to proscribe the Debtor from seeking further relief under the Bankruptcy Code without first seeking leave of this Court.

31.    Since October 2024, Franklin Lender has vigorously and extensively marketed the Debtor's pledged interests for sale under UCC Article 9.  These efforts have been obstructed twice based on the Debtor's abusive bankruptcy filing tactics.  The delays to date have resulted in significant enforcement costs.  To prevent further harm, Franklin Lender respectfully requests that the Court dismiss this case with prejudice and enjoin future filings by the Debtor.

### II.    Absent Dismissal, Cause Exists to Modify the Automatic Stay to Enable Lender to Continue Prepetition Enforcement as to the Debtor's Interest in Franklin Owner

32.    As a threshold matter, Franklin Lender submits that on October 24, 2025, the automatic stay will no longer be in effect pursuant to Section 362(c)(3)(A) of the Bankruptcy Code.   Franklin Lender hereby requests entry of an order pursuant to section 362(j) of the

Bankruptcy Code confirming the termination of the stay by operation of section 362(c)(3)(A) of

the Bankruptcy Code.  See 11 U.S.C. § 362(j) ("On request of a party in interest, the court shall

issue an order under subsection (c) confirming that the automatic stay has been terminated.").

33.    Notwithstanding the applicability of section 362(c)(3)(A) to this filing, Franklin

Lender submits that sufficient cause exists to modify the automatic stay as discussed below.

A.    The Debtor's Bad Faith Filing Constitutes Cause for Relief From the Stay

34.    Section 362(d)(1) of the Bankruptcy Code provides that "the court shall grant

relief from the stay . . . for cause."    11 U.S.C. §362(d).    It is well-established that the lack of

good faith when filing for chapter 11 constitutes cause to modify the automatic stay. *See In re C-

TC 9th Ave.*, 113 F.3d 1304, 1310 (cause for *either* dismissal *or* stay relief may be found based on

bad faith).  The Second Circuit acknowledged the importance of a debtor's use of bankruptcy in

good faith by stating:

> The good faith standard applied to bankruptcy petitions 'furthers
> the balancing process between the interests of debtors and creditors
> which characterizes so many provisions of the bankruptcy laws
> and is necessary to legitimize the delay and costs imposed upon
> parties to a bankruptcy.

*C-TC 9th Ave.*, 113 F.3d 1304, 1310.  As discussed *supra* at ¶¶ 24-26, the *CT-C* factors taken

together and based on the totality of the circumstances may be indicative of a bad faith filing. *Id.*

B.    The Debtor Lacks Equity in Franklin Owner and Such Interest
Is Not Necessary for an Effective Reorganization

35.    Section 362(d)(2) of the Bankruptcy Code provides, in relevant part, that Court

shall grant relief from the stay "if (A) the debtor does not have equity in such property (that is

12

subject to a secured party's lien); and (B) such property is not necessary to an effective

reorganization." 11 U.S.C. § 362(d)(2). Here, Franklin Lender seeks relief from the automatic

stay as to the Debtor's 100% membership interest in Franklin Owner which interest is fully

encumbered by Franklin Lender's approximate $18.8 million lien by virtue of the pledge under

the Pledge Agreement. Thus, the Debtor lacks equity in its interest in Franklin Owner and such

interest is not necessary for an effective reorganization. Accordingly, the stay should be

modified under section 362(d)(2) of the Bankruptcy Code.

## NOTICE

36.    In accordance with the requirements of Bankruptcy Rule 2002, notice of this

Motion has been given to (a) the Debtor; (b) all known creditors as listed in the Debtor's

bankruptcy petition and filings as of the date hereof; (c) all parties who have filed notices of

appearance as of the date hereof; and (d) the Office of the United States Trustee. Franklin

Lender submits that such notice is sufficient under the circumstances and no other or further

notice of the Motion need be provided.

## CONCLUSION

WHEREFORE, based upon the foregoing, Franklin Lender respectfully requests

the entry of an Order, in the form annexed hereto as Exhibit A: (i) dismissing this chapter 11

case with prejudice or, alternatively, (ii) confirming the termination of the automatic stay on the

thirtieth day postpetition and otherwise modifying the automatic stay to allow Franklin Lender to

exercise its rights and remedies with

13

4058235v2

respect to the Debtor's interests in Franklin Owner and the Franklin Property; or, alternatively,

and (iii) granting such other relief as the Court deems appropriate.

Dated: Garden City, New York
September 29, 2025

MORITT HOCK & HAMROFF LLP

By:    /s/ Theresa A. Driscoll
Theresa A. Driscoll

400 Garden City Plaza
Garden City, New York 11530
(516) 873-2000

*Attorneys for DC Franklin Lender LLC*

14

4058235v2